1817.

GUILKY *against* GILLINGHAM.

IN ERROR.

*Philadelphia.*

*Saturday,*
April 5.

ERROR to the Common Pleas of *Philadelphia* county.

*Moses Gillingham* recovered against *Joseph Guilky*, 71 dollars and 4 cents, before Justice *Worrell*, on the 19th *September*, 1810. In *March*, 1814, he issued a *scire facias* before the same magistrate upon this judgment, on which he had judgment for 85 dollars 67½ cents. The defendant appealed to the Common Pleas from the latter judgment; but, that Court, on motion, dismissed the appeal, being of opinion, that the act of assembly did not authorise an appeal from a judgment upon a *scire facias*. It afterwards appeared, that the record did not contain the recognisance required by law, in case of appeal.

An appeal lies from a judgment before a justice of the peace upon a scire facias.

To warrant an appeal by a defendant from the judgment of a justice of the peace, it must appear, that a recognisance was taken, as prescribed by law.

*Mahaney*, for the plaintiff.

A *scire facias* is in the nature of an original, and the defendant may plead to it. 6 *Bac. Ab.* 103. *scire facias A.* In *Grey* v. *Jones*,(a) there was a *scire facias*, plea, and demurrer. It was objected, that the plea was wrong, because it was said in it, that the plaintiff ought not to have his *action*, &c.; but it was held good, and the demurrer withdrawn. A *scire facias* is a new action, and requires a new warrant of attorney. 6 *Johns.* 108.

*Hopkins*, for the defendant.

The act of assembly giving jurisdiction to justices, is confined to contracts. A *scire facias* is merely a judicial writ; it is a continuance of an old action, not a commencement of a new one. 2 *Tidd's Prac.* 983. But it is a fatal objection to the reversal of the decision of the Court below, that no recognisance appears to have been taken; as required by the act of 20th *March*, 1810. And the whole proceedings must be certified on an appeal. 2 *Browne*, 190.

(a) 2 *Wils.* 251.

1817.

GUILKY
*v.*
GILLINGHAM.

TILGHMAN C. J. *Moses Gillingham* obtained from *Isaac Worrell* Esq. a justice of the peace, a *scire facias* on a judgment formerly rendered by the same justice, for the said *Moses Gillingham* against *Joseph Guilky*. *Gillingham* obtained judgment on the *scire facias*, and *Guilky* appealed to the Court of Common Pleas, by whom the appeal was dismissed, on motion of the appellee. Two reasons are given, in favour of the dismissal of the appeal. One, that no appeal lies on a *scire facias*. The other, that the appellant had not given the security required by law, on entering his appeal.

On examining the record, it does not appear, that any security was given. This was good cause for dismissing the appeal. But, the counsel in this case, have expressed a desire, that the Court should give an opinion on the first point, viz. whether an appeal lies on a judgment on a *scire facias*. It appears, that different opinions have been entertained on this question. The Court of Common Pleas for the county of *Philadelphia* are against the appeal. But in other districts, the judges are in favour of it. I see no reason why an appeal should not lie. A *scire facias*, though in strictness a judicial writ, is in fact, in nature of an original action. The defendant may plead to it. Payment, since the judgment, or a release, are good pleas. Why, then, should the justice be permitted to decide upon matters of this kind, without controul? There is nothing in the act of assembly which exempts suits upon *scire facias* from an appeal; either expressly, or by inference. And the nature of the case would induce this Court to favour the appeal, unless it was the plain intent of the legislature to take it away. I am, therefore, of opinion, that the appeal in the present case could not have been dismissed, if it had appeared, that security was given by the appellant. But that not appearing, the dismissal was right. The judgment should therefore be affirmed.

GIBSON J. concurred.

DUNCAN J. concurred.

Judgment affirmed.